Dykman, J.
A perusal of the testimony upon which the verdict in this action was made, leaves a strong and abiding impression that the result of the trial was a miscarriage of justice
The action is for the recovery of damages for a breach of an agreement for the manufacture of a number of fanning mills.
The plaintiff was his own and only witness to prove the contract, and his testimony is substantially this: he says he had a written contract with one Platt, by which the latter agreed to manufacture for him fifty fanning mills for eighteen dollars each, which he sold for thirty-five. That Platt abandoned the contract or failed in its performance and paid him one hundred and fifty dollars for a release therefrom. Then he says that Wilson, one of these defendants, who understood these machines and who knew that Platt claimed he was losing money by their construction, and was aware of the settlement he made with the plaintiff and the money he paid to secure his release, and that he had agreed to build the mills for seventeen dollars below their value, in the full possession of all this knowledge assumed *59 tbe contract of Platt and agreed to manufacture the same number of mills in the same manner and for the same price.
In view of these surrounding facts and circumstances the testimony of the plaintiff is sufficiently startling and improbable to require an endowment of extraordinary credulity for its reception. Weakened as it was by inherent improbabilities, it was substantially destroyed by the testimony on the part of the defendants.
Wilson, with whom the plaintiff claims he made the contract, denies the same absolutely, and the testimony of Platt, the original contractor, shows that Wilson was not present, and that the defendant Eaton and the witness Barry were present.
The defendant Eaton testified that the conversation was with him and that after the cancellation of the Platt contract the plaintiff “steps forward and says, ‘Now we can make our contract.’ “ No, Mr. Bryan, I have seen enough of your contracts, I will make no contract with you; all I will do will be to go on and finish these mills the best I can.”
That evidence was corroborated by the testimony of David Barry with great precision and accuracy, and coheres so naturally and is so consistent and so much in accordance with the position that Eaton might be expected to assume, that it commands credibility and belief.
Aside from the testimony of the plaintiff himself the teaching of the evidence is in opposition to the formation of any specific contract on the part of the defendants.
We reach the conclusion without hesitation that the verdict was against the evidence and should be set aside.
The judgment and order' denying the motion for a new trial should be reversed, and a new trial granted with costs to abide the event.
Barnard P. J., and Pratt J., concur.